

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

     Plaintiff,

v.

CASE NO. 3:19-cv-564-J- 34 PDB

$3,749,960.40 seized from TD Ameritrade Account
Account No. 942304361, et al.

     Defendants.

---

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions, Plaintiff, United States of America

brings this complaint and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit to the United States the

following:

    a.    $3,749,960.40 seized from TD Ameritrade Account
        No. 942304361, Account Holder: Estate of Raymond L.
        Hutchins;

    b.    $230,770.50 seized from TD Ameritrade Account
        Number: 88237106, Account Holder: R. L.
        Hutchins, Jr.;

c.   $101,471.95 seized from Regions Bank Account Number: 103717402, held in the name of Account Holder: R. L. Hutchins, Jr., and C. S. H.;

d.   $155,194.79 seized from LPL Financial LLC Account Number: 3377-2394, Account Holder: R. L. Hutchins Jr. TTEE, R. L. Hutchins Jr Rev Living Trust DTD 12/17/2016;

e.   $255,287.02 seized from UBS AG Account Number: UH-36477, Account Holder: M.H.;

f.   $595,000.00 seized from Nelson Mullins Riley & Scarborough, representing funds received from: R. L. Hutchins, Jr., for the benefit of the Estate of R. L Hutchins, and not fees for legal representation;

g.   $171,756.76 seized from Sandy Spring Bank Account Number: 1678839001, Owner: Estate of Raymond L. Hutchins (Sandy Spring 9001);

h.   $119,961.65 seized from SunTrust Bank Account Number: 1000245515605, Owner: EBW Holdings LLC;

i.   $210,381.25 seized from SunTrust Bank Account Number: 1000245515613; Owner: EBW Holdings LLC;

j.   a 2013 Mercedes E-350
VIN Number: WDDHF2EBXDA741866
Owner: Estate of Raymond L. Hutchins and Estate of Laura Hutchins;

k.   a 2016 Toyota Land Cruiser
VIN Number: JTMCY7AJ8G4043834
Owners: R. L. Hutchins, Jr. and C.S.H.; and

l.     $42,000.00 seized from Sandy Spring Bank Account
        Number: 1678833001, Owner: Estate of Raymond L.
        Hutchins and Hutchins Investments, Inc., representing
        sale proceeds of a 2015 Ford F-250

(Defendant Funds and Vehicles).

## THE DEFENDANTS *IN REM*

2.     The Defendant Funds and Vehicles were seized in the Middle District

of Florida, and are in the custody of the United States Secret Service, pursuant to

federal seizure warrants and their supporting affidavits, which are incorporated by

reference herein, issued by United States Magistrate Judge Joel B. Toomey

as follows:

| | Asset | Date of Seizure | Deposit - Treasury Suspense Account | Case Number |
|---|---|---|---|---|
| a. | $3,749,960.40 | 12/19/18 | 01/02/19 | 3:18-mj-1404-JBT |
| b. | $230,770.50 | 12/19/18 | 01/02/19 | 3:18-mj-1405-JBT |
| c. | $101,471.95 | 12/17/18 | 12/26/18 | 3:18-mj-1406-JBT |
| d. | $155,194.79 | 12/21/18 | 01/07/19 | 3:18-mj-1407-JBT |
| e. | $255,287.02 | 01/25/19 | 02/01/19 | 3:18-mj-1408-JBT |
| f. | $595,000.00 | 12/18/18 | 01/02/19 | 3:18-mj-1409-JBT |
| g. | $171,756.76 | 01/02/19 | 01/07/19 | 3:18-mj-1412-JBT |
| h. | $119,961.95 | 12/20/18 | 01/29/19 | 3:18-mj-1414-JBT |
| i. | $210,381.25 | 12/20/18 | 01/29/19 | 3:18-mj-1415-JBT |

| j. | 2013 Mercedes | 12/18/18 | N/A | 3:18-mj-1410-JBT |
| k. | 2016 Toyota | 12/20/18 | N/A | 3:18-mj-1413-JBT |
| l. | $42,000.00 | 01/02/19 | 01/07/19 | 3:18-mj-1431-JBT |

## JURISDICTION AND VENUE

3.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

4.    This Court has *in rem* jurisdiction over the Defendant Funds and Vehicles because pertinent acts giving rise to the forfeiture occurred in the Middle District of Florida. 28 U.S.C. § 1355(b)(1)(A).

5.    Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395(a), because the Defendant Funds and Vehicles were seized within the Middle District of Florida, Jacksonville Division.

6.    Because the Defendant Funds and Vehicles are in the government's possession, custody, and control, the United States requests that this Court issue an arrest warrant *in rem*, upon the filing of the complaint, pursuant to Supplement Rule G(3)(b)(1).  Rule G(3)(b)(1)

requires the Clerk to issue a warrant of arrest *in rem* for defendant property

if such property is in the government's possession, custody, or control.

7.     After the Court issues the warrant of arrest *in rem*, the United

States will execute the warrant pursuant to 28 U.S.C. § 1355(d) and

Supplemental Rule G(3)(c).

## STATUTORY BASIS FOR FORFEITURE

8.     The Defendant Funds and Vehicles are subject to forfeiture to the

United States pursuant to 18 U.S.C. § 981(a)(1)(C) because they constitute or

were derived from proceeds traceable to a violation of any offense constituting

"specified unlawful activity" as that term is defined in 18 U.S.C. § 1956(c)(7),

specifically 18 U.S.C. § 1343, wire fraud.

9.     In addition, the Defendant Funds and Vehicles were involved in

financial transactions conducted with fraud proceeds which were intended to

disguise the nature, location and/or ownership of the wire fraud proceeds, in

violation of 18 U.S.C. § 1956(a)(1)(B)(i). The funds involved in those transactions

money laundering transactions are subject to forfeiture under 18 U.S.C. §

981(a)(1)(A). The Defendant Funds and Vehicles were also involved in monetary

transactions with fraud proceeds in amounts greater than $10,000.00, in violation of

18 U.S.C. § 1957. Thus, the funds and other property involved in those

transactions are also subject to forfeiture under 18 U.S.C. § 981(a)(1)(A).

## FACTS

10.     Specific details of the facts supporting the forfeiture of the Defendant Funds and Vehicle have been provided by United States Secret Service (USSS) Senior Special Jeffrey Boothe (SA Boothe), who obtained the information through investigation, reviewing documents, and communicating with witnesses and other law enforcement officers.

11.     The facts set forth below are not all the facts gathered by law enforcement during the investigation.  Rather, as required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to show by a preponderance of the evidence that the Defendant Funds and Vehicles are subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A).

12.     Agent Boothe has been a Special Agent with the United States Secret Service (USSS) since April 1999.   He is currently assigned to the Jacksonville, Florida Field Office of the USSS.  He received law enforcement instruction at the South Carolina Criminal Justice Academy, Columbia, SC, attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, Glynn County, Georgia, and the USSS Special Agent Training Course in Beltsville, Maryland.  As part of his duties as a Special Agent, he has investigated and assisted in the investigation of matters involving wire fraud, bank fraud, money laundering, and asset forfeiture.

# I.   **OVERVIEW OF THE SCHEME**

13.    Raymond L. Hutchins, Sr., a Certified Public Account, now deceased, defrauded long-standing clients through two different wire fraud and money laundering schemes from at least 2010 through the present.  His defrauded clients were:

    a.    the C. L. Baker Trust, for the benefit of E. L. Baker (C.L. Baker Trust), and E. L. Baker, individually.  The total approximate loss to the Baker Trust is approximately $6,591,862.09;

    b.    the Wallace Joint Trust and its Sub-trusts (the Wallace Trust) and E. B. Wallace, individually (who died on April 28, 2014).  The total approximate loss to the Wallace Trust is $2,602,572.33; and

    c.    the R. L. Kirk Trust (R.L. Kirk Trust), and R. L. Kirk, individually (who died in December 2017). The total approximate loss to the Kirk Trust was $2,872,237.69.

14.    In the first scheme, Hutchins Sr. fraudulently over-paid federal income taxes on behalf of the C.L. Baker Trust and Baker, individually, with Baker funds.  He then received IRS refund checks and deposited the funds in accounts he fraudulently opened in the names of the C.L. Baker Trust and Baker, individually.  In the second scheme, Hutchins, Sr. illegally wired funds from legitimate accounts belonging to the Wallace and Kirk Trusts and Wallace and Kirk, individually, into accounts he fraudulently opened in the

names of the Trust or into accounts in the names of Kirk and Wallace, individually, over which he exercised a Power of Attorney.

15.     Hutchins, Sr. opened accounts in his own name and in the names of entities owned by himself and his son, R.L. Hutchins, Jr., which did not appear to be legitimately functioning companies.  Rather, it appears that the entities and the entities' bank accounts were created to facilitate the laundering of the wire fraud proceeds.

16.     Hutchins, Sr. transferred proceeds from the two schemes into the accounts he had opened, and he conducted a complex web of wire transfers of scheme proceeds among the various accounts, commingling the assets obtained from all three Trusts during the process.  He, thus, laundered the funds among these different accounts, concealing and disguising the nature, the location, the source, the ownership and/or control of the proceeds.

17.     The Defendant Funds and Vehicles consist of or are traceable to the scheme proceeds and were involved in money laundering.

## II.     ACCOUNTS PRIMARILY RECEIVING DIRECTLY TRACEABLE FRAUD PROCEEDS

### i.     Victim – E. L. Baker and the C.L. Baker Trust, For the Benefit of E. L. Baker Heritage Bank account number ~ 6652

18.     Hutchins, Sr. deposited the IRS refund checks, which were obtained by overpayment of taxes with Baker funds, into accounts he

controlled - primarily into Heritage Bank account number ~ 6652 (Heritage ~ 6652) held in the name of C.L. Baker Trust. This was an account he had fraudulently opened.

19.     Hutchins Sr. caused the deposit of $6,420,585.21 in refund checks, with dates ranging from May 25, 2010 to March 31, 2015, into Heritage ~6652. The checks should have been directed to the Baker victims. Approximately 99% of all of the funds deposited into this account are directly traceable to Baker Trust scheme proceeds.

20.     The funds in Heritage ~6652 were subsequently transferred to Regions Bank account ~ 4675 (Regions ~4675) held in the name of Asset Managers and Advisors, LLC, which is discussed further below.

**ii.      Victim – E. B. Wallace and the Wallace Trust**

21.     Hutchins, Sr. defrauded the Wallace victims of $2,500,000.00 by removing those funds from the Wallace Trust after the death of E. B. Wallace on April 28, 2014.

**a.      Regions Bank account number ~ 7159**

22.     On April 14, 2014, two weeks prior to the death of Mrs. Wallace, Hutchins, Sr., without Mrs. Wallace's knowledge, opened a Regions Bank account in the name of E. B. Wallace (Regions ~ 7159) with an opening deposit of $3,000.00. Hutchins, Sr. was listed as the only signatory.

23.    There were no additional deposits until April 28, 2014, the day of Mrs. Wallace's death, when Hutchins, Sr. made three additional deposits, totaling approximately $300,00.00.  This amount consisted of commingled proceeds from the fraud perpetrated against all three Trust accounts (Baker, Wallace, and Kirk).

**b.    Merrill Lynch account ~ 10107 held by Hutchins, Sr.**

24.    Also, on April 28, 2014, Hutchins, Sr. established Merrill Lynch account number ~10107, in his name, for the apparent purpose of receiving scheme proceeds into the account.  Between April 28, 2014 and June 3, 2014, Hutchins, Sr. deposited $2,452,572.33 into this account directly from two Wallace Trust accounts at Merrill Lynch – the E. B. Wallace Trust Account (ML account 74F-10321) and the Wallace Marital Trust Account (ML 74F-10009).

25.    Between April 2015 and December 2015, Hutchins, Sr. also deposited $1.62 million into this account from his personal Regions ~7399 account, which, as discussed further below in ¶¶ 26 and 27, was funded with direct scheme proceeds from the Kirk Trust brokerage account and of other funds laundered into and out of Regions ~7399.

### iii.  <u>Victim – R. L. Kirk and the R. L. Kirk Trust</u>

26.     As part of his scheme to defraud, Hutchins, Sr. caused approximately 35 fraudulent wire transfers, totaling $2,872,237.69, to be made between January 2011 and April 2016 from brokerage accounts held by R. L. Kirk.  Two of the accounts into which Hutchins Sr. deposited the funds are:

### a.  <u>Regions Bank ~7399</u>

27.     Over $3.8 million was deposited into this account from September 21, 2010, when the balance was $140.19, until the death of Hutchins, Sr. in June, 2016.  $3.62 million, or more than 95% of the deposits, were directly attributable to scheme proceeds.  Further, from January 1, 2014, until Hutchins, Sr.'s death, $741,400.00, or over 90% of the deposits into this account, were directly traceable to scheme proceeds; $681, 000.00 of that amount consisted of direct transfers from Kirk brokerage accounts at Janney Montgomery Scott LLC.  During roughly this same time period an additional approximately $2,183,900.00 was laundered into this account from, and often transferred back out to, other Hutchins controlled accounts.

28.     Approximately $1.62 million was transferred from this account between April 2015 and December 2015 into Hutchins, Sr.'s Merrill Lynch account ~10107, which was commingled with funds from the Wallace trusts. *See* ¶¶ 24 and 25.

b.     **Regions Bank ~8579**

29.     Hutchins, Sr. established Regions Bank account number ~8579 in the name of R. L. Kirk Revocable Trust, R. L. Kirk Co-Trustee, or Raymond L. Hutchins Co-Trustee, without the knowledge or consent of Mr. Kirk.  A total of $2,190,692.00 was deposited into this account.  Of that amount, over $2,171,000.00, which is more than 99% of the deposits, was directly traceable to the Kirk Trust and the Wallace Trust scheme proceeds.

30.     This account no longer has a balance but, significantly, the funds it held were laundered through the accounts identified below to disguise the origin, source, and ownership of the scheme proceeds in violation of 18 U.S.C. § 1956 (a)(1)(B)(i).

## III.     ACCOUNTS WHICH RECEIVED BOTH DIRECTLY TRACEABLE FUNDS AS WELL AS LAUNDERED SCHEME PROCEEDS

31.     Hutchins, Sr. established the following accounts in the names of entities which essentially did not have any legitimate business.  Millions of dollars of scheme proceeds from the three trusts were deposited into these accounts and numerous transfers amount the accounts disguised the origin, source and ownership of the funds.  These accounts, which are described further below, are referred to as: Regions Bank ~4675 – Asset Managers and

Advisors LLC.; Regions Bank ~8203 – Hutchins Investments, DBA CPA
Excavating; Regions Bank ~9999 – Hutchins Management Services Inc.

32.     Hutchins, Sr. also used two other accounts relevant to this
Complaint for the deposit of fraud scheme proceeds and for laundering
scheme proceeds.  These accounts referred to as Regions Bank ~1829 – EBW
Holdings LLC and Regions Bank ~3306 – M.H. are described further below.

**IV.    FINANCIAL TRACING OF FORFEITABLE ASSETS**

33.     All of the property now sought for forfeiture was funded, or is
traceable to funds acquired, in 2014 or later, even though the schemes
originated as early as 2001 for the Kirk Trust and 2010 for the Baker Trust.
From December 31, 2013, until the death of Hutchins, Sr. on June 7, 2016, the
personal and business accounts controlled by Hutchins, Sr. (referred to as the
Hutchins accounts) received over $22.5 million in deposits, which included
significant transfers of the same money between the accounts.  The total
deposits were in excess of $9.2 million; of this amount over $8.7 million
consisted of direct proceeds of the schemes to defraud Wallace, Kirk and
Baker.  Therefore, during this time period, over 95% of all deposits (excluding
the numerous transfers of laundered proceeds) were proceeds of the fraud
scheme.  The constant transfers of scheme proceeds, which followed the
deposits, do not appear to have had any business purpose and only served to

disguise the source and ownership of the funds and, thus, launder the money,

in violation of 18 U.S.C. § 1956 (a)(1)(B)(i).  Further, another form of money

laundering which existed in this scheme was engaging in monetary

transactions in criminally derived property of a value greater than $10,000.00,

which is in violation of 18 U.S.C. § 1957.

34.   The Defendant Funds and Vehicles below are subject to

forfeiture both as fraud proceeds and property involved in money laundering.

> **A.   $3,749,960.40 seized from TD Ameritrade Account Number 942304361 (TD Ameritrade ~4361) – Estate of Raymond L. Hutchins**

35.   These funds are subject to forfeiture because they consist of: (1)

direct scheme proceeds from the Wallace Trust Merrill Lynch accounts (ML

74F-10321 and ML74F-10009); (2) Hutchins Sr.'s Regions account ~7399

(95% the deposits into this account consisted of directly traceable scheme

proceeds and laundered scheme proceeds from other Hutchins accounts); and

(3) proceeds from the sale of equipment purchase from Regions ~8203 (funded

with directly traceable scheme and with laundered scheme proceeds.)  The

funds are also subject to forfeiture as property involved in concealment money

laundering.

36.   With regard to the funds from the Wallace Trust Merrill Lynch

accounts, Hutchins, Sr. deposited approximately $2.4 million directly from

the two Wallace Trust accounts shortly after Mrs. Wallace's death into a Merrill Lynch account he held in his own name - Merrill Lynch account ~ 10107 held by Hutchins, Sr. *See* ¶¶ 24 and 25. These funds were transferred into TD ~4361 following the death of Hutchins, Sr. and the establishment of his estate.

37.     With regard to Regions ~7399, as described above in ¶¶ 27 and 28, approximately, $1.62 million was transferred from Regions~7399 between April 2015 and December 2015 into Hutchins, Sr.'s Merrill Lynch account ~10107, which was commingled with funds from the Wallace trusts, *see* ¶¶ 24 and 25. These funds were transferred to TD Ameritrade ~ 4361 following Hutchins, Sr.'s death.

38.     With regard to Regions ~8203, Hutchins, Sr. opened this business account on June 19, 2009, and essentially used it only for the receipt of scheme proceeds and to launder funds. The balance of the account on December 22, 2011, was $20.00. From that date until Hutchins Sr.'s death, total deposits and transfers amounted to $5,300,000.00. Of these deposits, $4,147,791.00 consisted of laundered transfers from other Hutchins controlled accounts, and $35,499.13 consisted of direct scheme proceeds. Thus, approximately 80% of the total deposits into this account – or $4,183,291.00 -

consisted of laundered funds and fraudulent transfers from the Wallace Trust account.

39.     From March 2015 to February 2016, funds from this account were wired to various vendors for the purchase of equipment.  The Estate later sold this equipment for $1.5 million, which forms a portion of the $3,749,960.40  seized by the government.

**B.     $101,471.95 seized from Regions Bank Account Number 103717402 (Regions ~7402)**

40.     These funds are subject to forfeiture, since they consist of the Prudential Life insurance proceeds, arising from a life insurance policy Hutchins Sr. purchased on his life with funds from Regions ~8203.  The funds from Regions ~8203 consisted of scheme proceeds and laundered funds. *See* ¶ 38 above.

41.     On or about June 19, 2009, Hutchins, Jr. opened Regions ~7402 jointly with his wife.  On November 14, 2016, Prudential life insurance proceeds in the amount of $2,004,292.32, were paid into this account following the death of Hutchins, Sr.

42.     The balance of Regions ~7402 immediately prior to the deposit of the life insurance proceeds was $7,240.83.

43.     On November 23, 2016, Hutchins, Jr. deposited a check from Regions ~ 7402 in the amount of $1,500,000.00 into LPL ~0722.  There were

no funds in LPL ~0722 prior to the deposit of this check and no other deposits made thereafter. The LPL ~0722 funded other accounts, including a transfer of $1,345,025.31 from LPL ~0722 to LPL ~9748. There were no funds in LPL ~9748 prior to the transfer and no deposits made thereafter.

44.     The ending balance in this account, on July 31, 2018 was $5,245.59. On August 8, 2018, $100,000.00 was wired back from LPL account ~9748 into this account bringing the balance to approximately $105,245.59. $101,471.95 was seized from the account and is subject to forfeiture.

### C.     $155,194.79 seized from LPL Financial Account Number 3377-2394 (LPL ~2394)

45.     These funds are subject to forfeiture, since they consist of the Prudential Life insurance proceeds, arising from a life insurance policy Hutchins Sr. purchased with funds from Regions ~8203. The funds from Regions ~8203 consisted of scheme proceeds and laundered funds. *See* ¶38.

46.     On or about February 23, 2017, $77,000.00 was transferred into LPL Financial account ~2394 from LPL Account ~9748, which consisted entirely of Prudential Life Insurance scheme proceeds. The balance of LPL Financial account ~2394 immediately prior to the transfer was approximately $3,335.42, which had also been funded with life insurance proceeds from other LPL accounts.

47.   On or about March 9, 2017, $260,000.00 was transferred from LPL account ~9748 into this account.  No other deposits were made to this account.  $155,194.79 in life insurance scheme proceeds remained in the account and were seized and are subject to forfeiture.

### D.   **$595,000.00 seized from Nelson Mullins Riley & Scarborough**

48.   These funds are subject to forfeiture, since they consist of or are traceable to the Prudential Life Insurance proceeds derived from fraud proceeds and from funds were involved in money laundering.  On or about July 23, 2018, Hutchins, Jr. transferred $595,000.00 to Nelson Mullins Riley and Scarborough, for the benefit of the Estate of Raymond L. Hutchins (and not for the payment of attorney-client legal fees) from his LPL ~9748, which as discussed above in ¶43 were derived entirely from the Prudential Life Insurance scheme proceeds.

49.   As noted in ¶43 above, on November 23, 2016, Hutchins, Jr. deposited a check from Regions ~ 7402 in the amount of $1,500,000.00, which consisted entirely of life insurance proceeds into LPL ~0722.  Of those funds, $1,345,025.31 was transferred from LPL ~0722 to LPL ~9748, which funded the $595,000.00 payment seized from the Nelson Mullins Trust Account and is subject to forfeiture.

E.   **$255,287.02 seized from UBS AG Account Number: UH-36477**

50.   These funds are subject to forfeiture as fraud scheme proceeds and property involved in money laundering.  UBS AG account number UH-36477 (UBS ~6477) was opened on or about April 30, 2009, in the name of M.H., the mother of Hutchins, Sr.  Hutchins Sr. had Power of Attorney (POA) over the account until his death when Hutchins, Jr. assumed POA over the account.

51.   On April 28, 2017, UBS ~6477 was valued at $57,740.33.  On May 15, 2017, Hutchins, Jr. transferred $679,443.92 from Regions ~3306, another account in the name of Hutchins Sr.'s mother (*see* ¶52 below) into UBS ~6477.

52.  Regions ~3306 had been opened on April 23, 1991, and appears to have been the primary account for M.H. (the mother of Hutchins, Sr.) and the deceased father of Hutchins, Sr.  Hutchins, Sr. had Power of Attorney over this account until his death (June 7, 2016), at which point his son was added as Power of Attorney.  This was the account of an elderly and vulnerable individual, which was used by Hutchins, Sr. to launder scheme proceeds.

53.   The $679,443.92 wire transfer from Regions ~3306 into UBS ~6477 consisted in part of $255,287.02, which was derived from two BBVA CDs that came into existence as follows: On April 17, 2014, a $150,000.00

BBVA Certificate of Deposit (CD) was purchased with funds from Regions ~3306. On April 22, 2014, a second BBVA CD, this one in the amount of $100,000.00, was purchased with funds from Regions ~3306. Both CDs matured in April, 2017, and were re-deposited into Regions ~3306[1]

54. $255,287.02 was seized from UBS AG account ~6477 and is subject to forfeiture under a Last In First Out (LIFO) accounting procedure. Additionally, the funds are subject to seizure and forfeiture under a lowest intermediate balance accounting principle since the balance in UBS AG account ~6477 following the $679,443.92 deposit on May 15, 2017 never fell below the amount of $255,287.02. The total amount of funds laundered through this account, using the BBVA CDs, was $255, 287.02.

---

[1] As background on the origination of the funds in Regions ~3306, just prior to the purchase of the first CD, referenced in the paragraph above, $250,123.29 had been electronically transferred from Regions ~4675 into Regions ~3306. The $250,123.00 transfer consisted specifically of proceeds from two fraudulently obtained U.S. Treasury Checks, each in the amount of $800,000.00, which were deposited into Heritage Bank ~6652 and subsequently wired to Regions ~4675. Both Regions ~3306 and Regions ~4675 were two of the accounts which Hutchins, Sr. used for money laundering transactions and to directly receive scheme proceeds. *See* ¶¶ 31 and 32 above. As background regarding Regions ~4675, during the period of December 2010 to January 2016, total deposits into this account, excluding transfers in of laundered funds from other Hutchins controlled accounts, amounted to $6,190,000.00. Of this amount, at least $5,225,000.00 consisted of wire transfers from the Heritage Bank ~6652 account, which consisted almost entirely of overpayment of Baker Federal income taxes and of $62,657.49 originating from the Wallace Trust accounts. Another approximately $1,210,000.00 in laundered funds was transferred into this account during the same period from other Hutchins controlled accounts. *See* ¶¶ 18-20.

F.     **2013 E 350 Mercedes**
       **VIN Number: WDDHF2EBXDA741866**

G.     **2015 Ford F-250**
       **VIN Number: 1FT7W2BT5FEA88958**

55.     These vehicles, which Hutchins, Sr. purchased on the date of Mrs. Wallace's death, are subject to forfeiture, since they were purchased with direct proceeds of the fraud on the Wallace Trust. The vehicles are also property involved in violations of concealment money laundering and §1957 money laundering, since more than $10,000 of the purchase price was the proceeds of wire fraud.

56.     On April 28, 2014, the date of E. B. Wallace's death, Hutchins, Sr. obtained (1) a Regions Cashier's Check from Regions ~7159, *see* ¶¶ 22 and 23, which consisted of direct scheme proceeds traceable to the three Trusts, in the amount of $65,806.00, for the purchase of the 2013 Mercedes E-350, titled in the name of Hutchins, Sr. and Laura Hutchins and (2) issued a check drawn on Regions account ~7159 in the amount of $59,521.69, for the purchase of the 2015 Ford F-250, titled in the name of Raymond L. Hutchins, Sr. and Hutchins Investments, Inc.

### H.     2016 Toyota Land Cruiser
###         VIN number: JTMCY7AJ8G4043834

57.   This vehicle is subject to forfeiture, because it was purchased with fraud scheme proceeds and with funds involved in money laundering and the purchase itself violated 18 U.S.C. § 1957.

58.   On May 7, 2014, Hutchins Investments Inc. purchased a 2015 GMC Yukon, VIN: IGKS1BKC0FR115103, from Nimnicht Buick GMC for $58,646.58, using funds drawn from Hutchins~8203. The deposits into that account consisted of laundered funds originating from all three Trusts, and some funds directly traceable to the fraud on the Wallace Trust. *See ¶ 38.*

59.   The Yukon was titled jointly in the names of Hutchins Investments and the wife of Hutchins, Jr.

60.   On or about December 20, 2016, Hutchins, Jr. and his wife traded the Yukon, for $40,500.00, to purchase the Toyota Land Cruiser for $75,891.00 plus taxes and fees. The remainder of the purchase price was financed through a Community First Credit Union loan, which has been paid off with fraud proceeds and laundered funds through Account ~7402 which consisted of scheme proceeds and funds involved in concealment money laundering. *See ¶¶ 40-44.*

I.    **$171,756.76 seized from <u>Sandy Spring Bank Account</u> <u>Number 1678839001 (Sandy Spring ~9001) – Estate of</u> <u>Raymond L. Hutchins</u>**

61.    These funds are the proceeds from the sale of real property located at 397 Misty Harbor Boulevard, Woodbine, Georgia and are subject to forfeiture, since that real property was purchased with directly traceable scheme proceeds deposited into Regions ~4675, *See* ¶ 53, Fn.1, and with laundered proceeds from Regions ~8203 and, indirectly, from Regions ~9999. *See* ¶¶ 31, 38, and 66 below.

62.    On April 11, 2014, Heritage Bank account ~6652, in the name of the C.L. Baker Trust, which had been opened without the knowledge or consent of the victim, received $800,000.00 via a U.S. Treasury check, dated April 8, 2014 and payable to the C.L. Baker Trust.  The check was for overpayment of IRS taxes and represented scheme proceeds.  On that same day, Hutchins, Sr. wired $800,000.00 from Heritage ~6652 account to Regions ~4675, an account which not only received scheme proceeds but was also involved in money laundering, discussed in ¶ 53, Fn. #1.

63.    On April 14, 2014, Regions ~8203 received $55,070.51 from the Regions ~4675.

64.    On April 29, 2014, a check in the amount of $10,000.00 paid from Regions ~4675 to Gilbert, Harrell, Somerford and Martin (GHSM), in

the amount of $10,000.00, cleared. A copy of this check is included in the

GHSM settlement records for the purchase of 397 Misty Harbor Blvd in

Woodbine, GA (Misty Harbor property).

65.     On May 6, 2014, Regions ~8203 received $250,000.00 from

Regions ~9999, an account involved in money laundering, see below.

66.     As background on Regions ~9999, Hutchins, Sr. established this

account on April 25, 2012 under the name of Hutchins Management Services,

Inc. Hutchins, Sr. and his son had signatory authority on the account. The

opening deposit of $1,160.00 originated from Regions ~8203. Approximately

$980,000.00 was deposited into this account from the period of April 25, 2012

until the death of Hutchins, Sr. Approximately 100% of these deposits

originated from laundered accounts. Specifically, Regions ~9999 received

laundered proceeds from these Regions bank accounts which had originated

from the trusts: Regions ~ 4675 ($495,000.00 originating from the Baker Trust

proceeds); Regions ~1829 ($245,000.00 originating from the Wallace Holding

Account)[2]; Regions ~8579 ($237,249.49 originating from the Kirk Trust Account).

---

[2]  As further background on Regions Bank ~1829 – EBW Holdings LLC. Hutchins, Sr.
opened this account on April 28, 2014, the date of E. B. Wallace's death. This account
received over $1. 2 million in direct scheme proceeds and an additional $1.1 million of
laundered funds from other Hutchins controlled accounts. This amounted to more than
99.8% of the total deposits, which does not include an additional $1.1 million in funds
laundered into and out of the account.

67.    On May 6, 2014, Hutchins, Sr. wired $285,499.13 to GHSM from Regions ~8203 – Hutchins Investment account to complete the purchase of the Misty Harbor property.

68.    On August 31, 2018, the Estate of Raymond L. Hutchins sold this property for the amount of $310,000.00. The proceeds of the sale, in the amount of $282,972.76, were mailed to the Estate Administrator.

69.    On September 5, 2018, the proceeds check, in the amount of $282,972.76, referenced above, was deposited into Sandy Spring Bank, account number 1678839001.

J.    **$119,961.65 seized from SunTrust Bank Account Number: 1000245515605 EBW Holdings LLC (Account Balance $5,000)**

**SunTrust Bank Account Number: 1000245515613 EBW Holdings LLC (Account Balance: 125,587.97)**

**Sales Proceeds from the sale of Brazell Road, Kingsland, GA 31548 (24.4 +/- acres, 1606th GMD, Camden County, GA)**

70.    These funds represent proceeds from the sale of real property located at Brazell Road (24.4 +/- acres, 1606th GMD, Camden County, GA), Kingsland, GA and are subject to forfeiture, since that real property was purchased with directly traceable scheme proceeds deposited into Regions ~4675 and Regions ~1829.

71.     Regions ~4675 received more than $5.2 million in wire transfers from the Heritage ~6652 account (an account that consisted almost entirely of overpayment of Baker federal income taxes); 99% of the deposits into Regions~4675, consisted of directly traceable fraud proceeds.  Regions Account ~1829 is the account that Hutchins, Sr. opened on the day of Mrs. Wallace's death and into which he deposited $1,221,601.00 in fraud proceeds from the date he opened the account (April 28, 2014, the date of E. B. Wallace's death) until his death in June, 2016.  This amounted to more than 99.8% of the total deposits, which does not include an additional $1.1 million in funds laundered into and out of the account.

72.     On May 8, 2014, a check drawn on Regions ~4675 in the amount of $10,000.00, posted to the GHSM account.  A copy of this check is included in the GHSM settlement records for the purchase of Brazell Road, Kingsland, GA 31548, 24.4 +/- acres, 1606th GMD, Camden County, GA (Brazell Rd property)

73.     On May 1, 2014, $245,000.00 was transferred from Regions ~4675 to Regions Account ~1829.

74.     On June 18, 2014, Hutchins, Sr. wired $130,114.18 to GHSM from Regions ~1829 to complete the purchase of the Brazell Rd property.

75.     On July 19, 2018, the Estate of Raymond L. Hutchins sold this property for the amount of $142,500.00.

76.     On July 20, 2018, the proceeds check, in the amount of $130,587.97, referenced above, was deposited into SunTrust Bank, account number 1000245515605, in the amount of $5,000.00, and account number 1000245515613, in the amount of $125,587.97, held in the name of EBW Holdings LLC.

77.     Hutchins, Sr. engaged in wire fraud, in violation of 18 U.S.C. § 1343, to obtain funds from the C.L. Baker Trust and E. L. Baker, the R. L. Kirk Trust and R. L. Kirk and E. B. Wallace and the Wallace Trusts, by causing electronic submission of wires or transfers from and to bank accounts in Florida, Georgia, Maryland, the District of Columbia, Maryland, Pennsylvania and elsewhere.  The funds were obtained by fraudulently overpaying taxes and then receiving IRS receiving refunds which were secreted away (in the case of the C.L. Baker Trust and Baker) or by fraudulently removing trust or personal proceeds (in the cases of the Wallace and Kirk Trusts, as well as Wallace and Kirk, individually).  Thus, the property identified herein is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) for violations of 18 U.S.C. § 1343.

78.    The scheme proceeds were deposited into multiple financial institutions, where the accounts were held either in the name of the victims, without their knowledge or consent, or in the name of Hutchins, Sr., Lee Hutchins, or one of the many Hutchins business entities created with the apparent purpose to launder scheme proceeds, and to conceal the fraudulent source of the funds in violation of 18 U.S.C. § 1956.  Thus, the Defendant Funds and Defendant Vehicles are subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in violations of 18 U.S.C. § 1956.  Finally, the subject vehicles were purchased with scheme proceeds in an amount greater than $10,000, in violation of 18 U.S.C. § 1957 and, thus, are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## CONCLUSION

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff, United States of America, requests that this Court initiate a process of forfeiture against the Defendant Funds and Vehicles, and duly notice all interested parties to appear and show cause why the forfeiture should not be decreed.

The United States further requests that the Court order the Defendant Funds and Vehicles forfeited to the United States for disposition according to law, and that the United States have such other relief as this case may require.

Dated: May 13, 2019

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:  *Bonnie A. Glober*

BONNIE A. GLOBER
Florida Bar No. 0748307
Assistant United States Attorney
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile:   (904) 301-6310
E-mail: bonnie.glober@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Jeffrey Boothe, declare under the penalty of perjury, that I am a Senior Special Agent with United States Secret Service. I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my knowledge and belief.

I have acquired my knowledge in this matter through my personal experience, observation, and investigation, and through information conveyed to me by other law enforcement officers, as well as information contained in the official files and records of the United States.

Executed this 13th day of May 2019.

JEFFREY BOOTHE
Senior Special Agent
United States Secret Service

*Handwritten across top:* 3:19 cv 564 J 34 PDB

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

$3,749,960.49 SEIZED FROM TD AMERITRADE ACCOUNT NO. 942304361, et al.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Bonnie A. Glober, U.S. Attorney's Office, 300 N. Hogan Street, Suite 700, Jacksonville, FL 32202  (904) 301-6300

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
**Habeas Corpus:**
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [X] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt.Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 463 Habeas Corpus - Alien Detainee
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. § 981(a)(1)(C) and 981(a)(1)(A)

Brief description of cause:
civil forfeiture in rem

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 5/13/19

SIGNATURE OF ATTORNEY OF RECORD *(signed)* Bonnie A. Glober

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE 34 MAG. JUDGE PDB